IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
TONY L. ANIRUDH and DIANNE C. ANIRUDH
On Behalf of Themselves and All Others Similarly
Situated,

                            Plaintiffs,

                            -against-

CITIMORTGAGE, INC.,

                            Defendant.
-----------------------------------------------------------------x

**08 CIV. 3081**

CLASS ACTION COMPLAINT

CV

JURY TRIAL DEMANDED

      Plaintiffs TONY L. ANIRUDH AND DIANNE C. ANIRUDH, by their attorneys, the Law Offices of Jeffrey S. Greene, P.C. and Law Offices of Sanford F. Young, P.C., bring this action in their individual capacity and on behalf of a class of persons, as described below, and for their complaint, allege, upon knowledge as to themselves and their own acts, and otherwise upon information and belief, as follows:

### SUMMARY OF THIS ACTION

      1.    This is an individual and class action on behalf of borrowers who obtained and then paid off in full their Cooperative loans ["Co-op Loans"] originated and/or serviced by Defendant CitiMortgage, Inc. [hereinafter sometimes referred to as "CitiMortgage, Inc." or "Bank"], and whom the Bank assesses, demands and collects an impermissible interest charges beyond the termination and full pay off of all principal, interest and other contractual charges due to the Bank beyond the actual closing date paying off the Co-op loan in question.

2. Said Co-op loans encumber and form a lien upon cooperative apartments located in the State of New York, the State of New Jersey, and other States and the District of Columbia, and throughout the United States.

3. The class period encompasses all Co-op loans made by the Defendant that where paid-off in full during the period from March 26, 2002 and thereafter.

4. Pursuant to the express written terms of their Co-op fixed rate note and security agreement, the Plaintiffs, TONY L. ANIRUDH and DIANNE C. ANIRUDH, fulfilled and completed their contractual obligations owed to CitiMortgage, Inc. as of the date of their sale of their subject co-op apartment unit on November 8, 2007.

5. Nevertheless, the Bank charged, and demanded that the Plaintiffs pay interest on this loan past the actual pay-off date of, through and including November 9, 2007.

6. CitiMortgage, Inc. victimizes the class of borrowers such as the Plaintiffs herein on a mass scale by exacting the payment of extra interest charges in express violation of its Co-op loan contracts.

7. If a Co-op borrower declines to pay the Bank's extra interest charge, CitiMortgage, Inc. will not allow the closing to occur by refusing to release the borrowers' collateral security consisting of the original propriety lease and Co-op stock certificate on the scheduled date of closing [hereinafter sometimes referred to as "collateral security"].

8. Consequently, the Co-op borrower has no alternative but to pay the extra interest as improperly demanded by CitiMortgage, Inc., because without the release and delivery of the collateral security, the Co-op borrower will be unable to refinance or sell his or her Co-op apartment unit, and at the same time, continuing bearing the cost of maintaining and servicing their no-longer wanted Co-op loan and cooperative apartment.

9. CitiMortgage, Inc. thus breaches its Co-op loan contracts with the class of borrowers by refusing to honor their contractual and lawful right to pay-off the loan and terminate the loan.

10. CitiMortgage, Inc. thus also engages in a deception and fraud that enables it to obtain fraudulent payments from its customers attempting to pay-off their Co-op loans and terminate their lender-borrower relationship with the collateral given to the Bank.

11. This conduct directly violates common law and the various consumer fraud statutes and regulations of the differing states and the District of Columbia, including the New York Consumer Fraud Statute, General Business Law Section 349(a) and the New Jersey Fraud Act, NJSA § 56:8-1, *et seq.*,

12. CitiMortgage, Inc. agrees to issue a Co-op loan to individuals for the purchase or refinance of a cooperative apartment. At the closing of the Co-op loan, the Defendant and the Borrower enter into a Co-op Note Agreement and a Loan Security Agreement ["Agreements"] whereby Defendant agrees to lend money to the Borrower in consideration of repayment of principal with interest thereon. Pursuant to this Agreements, the Borrower agrees to pledge and physically delivers his/her original stock certificate ["Stock"] in the cooperative apartment Corporation as well as assigns the proprietary lease covering the terms of occupancy by the Borrower to CitiMortgage, Inc.

13. A Borrower seeking to terminate and pay off its monetary obligations owed to the Defendant customarily requests that the Bank issue a "Payoff Letter" indicating the specific and exact amount of money that the Borrower must pay in order for the Bank to release, deliver and return the collateral security back to the Borrower pursuant to the Co-op loan contracts.

14. In computing the amount owed by the Borrower, CitiMortgage, Inc. flouts the

plain and obvious terms of its loan contracts by demanding that the Borrower pay additional interest not provided for under the express written terms of the parties Co-op loan contracts. CitiMortgage, Inc. does not simply calculate the amount of principal and interest remaining on the Borrower's loan as of the date the full pay off of the Co-op loan is scheduled to be tendered at the actual closing. Rather, the Bank demands and takes this calculation and adds *additional interest* to that amount beyond the actual date of closing, or tender and receipt of payoff, despite the fact that the Borrower will have paid off the entire balance owed to the Bank in full at actual closing. Hence, CitiMortgage, Inc. charges and demands the borrowers pay interest which is greater than the amount its own Co-op loan contracts allow, and knowingly and fraudulently conceals this practice and policy from its borrowers and loan consumers.

15. Only if the Borrower delivers to the Bank certified check, bank check or attorney escrow account check for the remaining balance of the Co-op loan *plus the additional fraudulent interest charges* assessed by CitiMortgage, Inc. will the Bank relinquish the borrowers' collateral security back to the Borrower.

16. CitiMortgage, Inc.'s assessment of fraudulent interest charges constitutes a breach of contract, unjust enrichment and a violation of New York's Consumer Fraud Statute, General Business Law, § 349(a); and the New Jersey Fraud Act, NJSA § 56:8-1, *et seq.*.

17. Plaintiffs therefore brings this action to recover damages for themselves and a class of thousands of consumers consisting of all persons who have suffered damages from CitiMortgage, Inc.'s fraudulent practice of charging interest on New York State and New Jersey Co-op loans, as well as Co-op loans throughout the country beyond the termination and pay off closing date of the class' Co-op loan borrowers.

18. CitiMortgage, Inc. must be ordered to do justice to its customers, the class of

consumer borrowers, on whose behalf Plaintiffs sues herein. Only a class action will provide the class with any possibility of relief against the Bank.

## JURISDICTION AND VENUE

19. This Court possesses federal subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005 (109 P.L. 2; 119 Stat. 4; effective February 18, 2005) for the following reasons:

   a. the number of members of the proposed Plaintiffs class is 100 or more;
   b. there is diversity of citizenship between *any one* member of the Plaintiffs class (named and unnamed) and the defendant; Plaintiffs are a citizen of New York State while Defendant CitiMortgage, Inc. is a Delaware corporation which maintains its principal place of business in Missouri; and
   c. the amount in controversy – which may be calculated by aggregating the claims of the putative class members – *exceeds $5 million.*

20. Venue is properly placed in this district pursuant to 28 U.S.C. § 1391 (a) (1) and (2). A substantial part of the events and the omissions giving rise to Plaintiff's claims occurred in this district and a substantial part of the property that is the subject of the action is situated in this district. Additionally, CitiMortgage, Inc. is deemed to reside in this district because it is subject to personal jurisdiction in the district.

21. Defendant is amenable to personal jurisdiction in New York State. This lawsuit arises from CitiMortgage's wrongful conduct centered in New York State, and conducted in New York, New Jersey and elsewhere. CitiMortgage, Inc. conducts business within the State of New York sufficient to be considered present in New York.

## THE PARTIES

22. At all times relevant to this action, Plaintiffs TONY L. ANIRUDH and DIANNE C. ANIRUDH resided in Bronx, New York. From April 5, 2007 until November 8, 2007, the

Plaintiffs were borrowers of a Co-op loan originated and serviced by the Defendant CitiMortgage, Inc. As collateral security for repayment of said Co-op loan under the terms of the parties fixed rate note, the Plaintiffs pledged and delivered its original stock certificate 600 shares in the cooperative apartment corporation known as 754-768 Brady Owners Corp. and assigned and delivered their proprietary lease covering apartment unit number 227 in a building located at 762 Brady Avenue, Bronx, New York 10462 to the Defendant.

23. Upon information and belief, Defendant, CitiMortgage, Inc. is a division of Citigroup, Inc. and is incorporated in the Sate of Delaware, and maintains its principal place of business at 1000 Technology Drive,, O'Fallon, MO 63304. The Bank provides mortgages and Co-op loans to borrowers seeking financing on residential property. Upon information and belief, CitiMortgage, Inc. originates, services, buys and sells residential loans, and consumer loans

24. Upon information and belief, CitiMortgage, Inc. as a division of Citigroup, Inc which is the largest money center bank in the United States with assets valued at approximately $1.2 trillion dollars.

## FACTUAL ALLEGATIONS

### A.    The Co-op Loan From CitiMortgage, Inc.

25. On or about March 1, 2005, the Plaintiffs TONY L. ANIRUDH and DIANNE C. ANIRUDH applied for a Co-op loan from CitiMortgage, Inc. in order to purchase their cooperative apartment known as apartment unit number 227 in a building located at 762 Brady Avenue, Bronx, New York 10462

26. On or about March 15, 2005, CitiMortgage, Inc. issued TONY L. ANIRUDH and DIANNE C. ANIRUDH a "Good Faith Estimate of Settlement Services" ["Good Faith Estimate"], along with a "Truth in Lending Credit Disclosure Statement" ["TIL Statement"].

27. The TIL Statement advised that CitiMortgage, Inc. would loan the Plaintiffs a Co-op loan in the amount of $85,500.00, at an annual fixed interest rate of 5.500%, for a term of 30 (thirty) years. The Statement further advised that the Plaintiffs monthly payments would amount to $485.46.

28. On or about May 20, 2005, CitiMortgage, Inc. issued a "Fixed Interest Loan Commitment" ["Commitment Letter"] in which CitiMortgage, Inc. agreed to a loan in the amount of $85,500.00 with a fixed interest rate of 5.5% for a term of thirty years to the Plaintiffs in order for the Plaintiffs to purchase residential property known as apartment unit number 227 in a building located at 762 Brady Avenue, Bronx, New York 10462.

29. The Commitment Letter and TIL Statement provided for the assessment of certain "interest, fees, charges and deposits payable at closing," but did not disclose that an additional interest payment would be assessed upon termination of the loan.

30. On or about April 8, 2005, the Plaintiffs at closing signed, delivered and entered into a Note agreement with the Defendant entitled "CO-OP FIXED RATE NOTE" ["Note"] which provided, among other things, that "Interest will be charged on the unpaid principal until the full amount of the principal has been paid.". The interest is a yearly rate of 5.5%.

31. To secure repayment of the Note, on April 8, 2005, the Plaintiffs at closing also signed, delivered and entered into an agreement entitled "SECURITY AGREEMENT CO-OP" ["Security Agreement"] with Defendant in order to purchase of the above-referenced property. The Security Agreement provided, *inter alia*, that CitiMortgage, Inc. would lend the Plaintiffs $85,500.00, with interest to be assessed "as provided in the Note."

32. The Agreement further provided that, in exchange for the Co-op loan as set forth in the Note loan, the Plaintiffs would grant CitiMortgage, Inc. a security interest in the Stock and

Lease for their Co-op apartment, and the originals of said Stock and Lease would remain in the physical custody of CitiMortgage, Inc. while the unpaid principal remained outstanding.

33.     The Note specifically permitted the Plaintiffs to make a full or partial repayment of her loan, in full, without assuming any penalties or prepayment charges.

34.     The Note further provided that the Plaintiffs would make payments in the amount of $485.46 every month "until [they had] paid all of the principal and interest and any other charges described below that [they might] owe under this Note."

35.     The Note did not disclose, nor require that the Plaintiffs would be forced to pay interest beyond the date of termination of the loan and that the Plaintiffs would be unable to sell and transfer their Co-op unless the Plaintiffs paid these fraudulent charges.

36.     Pursuant to the terms of the Security Agreement, the Plaintiffs on April 8, 2005 signed and delivered an assignment of proprietary lease to the Defendant, as well as their original stock certificate evidencing their 600 shares of stock in the 754-768 Brady Owners Corp, and a stock power to the Defendant.

37.     In consideration of the aforementioned, CitiMortgage, Inc. provided the Plaintiffs with a Co-op loan in the amount of $85,500.00.

**B.    The Pay-Off Of The Co-op Loan &
        Extra, Non-Contractual Impermissible Interest Charges**

38.     On or about October 10, 2007, TONY L. ANIRUDH and DIANNE C. ANIRUDH advised CitiMortgage, Inc. in writing that the Plaintiffs were in contract to sell cooperative apartment known as apartment unit number 227 in a building located at 762 Brady Avenue, Bronx, New York 10462 and they therefore needed a Payoff Letter from the Defendant in order to proceed with the closing of their transaction as required under their contract of sale.

39.     On November 5, 2007, CitiMortgage, Inc. by and through its retained and

assigned legal counsel issued a "Closing Confirmation-Document Confirmation" to the Plaintiffs by and through the Plaintiffs' legal counsel. Said document, *inter alia*, expressly and clearly confirmed the time, date and place of closing and the exact payoff date of the Plaintiffs' subject Co-op loan. Said payoff date was confirmed as Thursday, November 8, 2007.

40.     On November 6, 2007, CitiMortgage, Inc. by and through its retained and assigned legal counsel issued a "Payoff Letter" to the Plaintiffs by and through the Plaintiffs' legal counsel. Said Payoff Letter stated that the Plaintiffs as borrowers owed the Defendant the following sums: Principal Balance: $82,604.51, Interest from 10/1/07 to 11/9/07: $478.18 and PMI Premium: $55.58 for a "TOTAL To Be Paid To CitiMortgage. Inc. (Coop Payoff) $83,138.27". The Payoff Letter further reguired the Plaintiffs to pay a separate fee of $400.00 to the Defendant's assigned legal counsel for legal services.

41.     On November 7, 2007, the Plaintiffs by and through legal counsel, faxed and mailed a letter to the assigned counsel of CitiMortgage, Inc. indicating that "CitiMortgage, Inc. has incorrectly requested interest on the subject Co-op loan through November 9, 2007 when the closing is set and has been confirmed for November 8, 2007 and requested a revised payoff letter be issued accordingly. The Defendants refused to recalculate the correct interest and demanded extra interest to terminate and payoff said Co-op loan.

42.     At closing, the Plaintiffs by and through it legal counsel specifically voiced its objection (for a second time) to the Defendants' insistence of extracting an extra day of interest from the Plaintiffs beyond the actual closing date and in contravention of the express terms of the parties' loan agreement. This objection was acknowledged by the Defendant's legal counsel as well as other attorneys and closing participants at the closing table. The Plaintiffs were advised by and through the Defendant's assigned legal counsel that the extra day of interest must be paid

9

otherwise the Defendant will not release the physical collateral security of the stock and lease and issue a UCC-3 release of lien. Without the release of such collateral documents, the Plaintiffs would be unable to deliver title to their Co-op apartment to their purchasers as required by their duly executed contract of sale.

43. To exacerbate matters, the Defendant by and through assigned legal counsel demanded that the check constituting the extra day of interest be without any protesting demarcation. Rather then risk state litigation from their purchasers for their failure the close the subject transaction as per their contract of sale, the Plaintiffs under extreme undue hardship were compelled to succumb to the Defendant's illegal and fraudulent demands and issued a check by and through their attorney's trust account in the amount of $11.95 to cover the extra interest day of interest.

## **CLASS ACTION ALLEGATIONS**

44. This action is brought on behalf of Plaintiffs TONY L. ANIRUDH and DIANNE C. ANIRUDH in her individual capacity, and as a class action on behalf of all Co-op Loan Borrowers in the state of New York, New Jersey and Nationwide [the "Class" or "Class Members"], whom Defendant CitiMortgage, Inc. have over-billed by imposing fraudulent interest charges in connection with the payoff of their Co-op loan on New York State and New Jersey Co-ops and throughout the United States. The action includes all such persons upon whom Defendant continues in the future to assess such impermissible charges.

45. Defendant has engaged in an ongoing unlawful scheme of imposing fraudulent interest charges to Co-op Loan Borrowers even after they properly terminate and payoff their loans, in contravention of the terms the Defendant's uniform Loan Agreements with the Co-op Loan Borrowers, the New York common law and the New York Consumer Fraud Act, New

Jersey common law and the New Jersey Fraud Act. This practice is to the detriment -- monetary and otherwise -- of Plaintiffs and the Class.

46. The Loan Security Agreements between Defendant and Plaintiffs and the class members described herein expressly indicate that they are Defendant's form agreement for "NY/NJ."

47. Plaintiffs and the class were fraudulently and/or negligently induced and deceived into paying these illegal interest charges based upon Defendant's false and misleading loan agreements and disclosure statements which deliberately concealed that Plaintiffs and the class would be forced to pay an interest penalty in order to recoup their Stock and Lease from CitiMortgage Inc, which is a mandatory prerequisite of any Co-op Loan Borrower attempting to refinance or payoff its Co-op loan in order for them to be able to sell their properties.

48. Defendant's Co-op loan contracts are, upon information and belief, uniform throughout the country and all specifically contain contract language which expressly requires, among other things, that "Interest will be charged on the unpaid principal until the full amount of the principal has been paid." This term of the Defendant's uniform Co-op loan contracts, separately and/or in combination:

> (a) MISREPRESENTED that that the Co-op loan borrower would only be required to pay the actual principal and accrued interest on their loans up until the actual date of closing and termination of the Co-op loan; and
>
> (b) FRAUDELANTLY CONCEALED to the Co-op loan borrower that they would be required to pay additional interest on their loan beyond the termination date in order to recover the Stock and Lease on their Co-op.

49. This action is properly brought as a class action for the following reasons:

(a) the Class consists of thousands of persons, and is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

(b) there exist questions of law and fact common to the class which predominate over any questions affecting only individual members, including:

1) whether the excess interest charges demanded by CitiMortgage, Inc. upon termination of the loan constituted a breach of the Loan Agreement,
2) whether Defendant misrepresented that the Co-op loan borrower would only be required to pay the actual amount of principal and the actual interest accrued on his loan in order to recover his stock and Lease upon termination of his loan;
3) whether Defendant was unjustly enriched by imposing the excess interest charges upon Plaintiffs and the class of Co-op loan borrowers;
4) whether the excess interest imposed by the Defendants constitutes an illegal "charge" for "loan-related documents";
5) whether Defendant should be enjoined from continuing its unlawful practices, and
6) whether Defendant is liable to the Class, and the measure of damages;

(c) Plaintiffs' claims are typical of the claims of the Class. Like all class members, Named Plaintiffs TONY L. ANIRUDH and DIANNE C. ANIRUDH were injured by CitiMortgage, Inc.'s imposition of excess interest charges when they attempted to pay out her Co-op loan. Named Plaintiffs has TONY L. ANIRUDH and DIANNE C. ANIRUDH suffered the same kind of harm as other class members.

50.     Plaintiffs have hired counsel who are able and qualified to prosecute this class action litigation, and who will fairly and adequately protect the interests of the class.

51.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Individual damages to any one class member may be relatively small, making the expense of individual litigation prohibitive or impractical for Class members.

**AS AND FOR A FIRST CAUSE OF ACTION
New York, New Jersey and Nationwide
(Breach of Contract)**

52.     Plaintiffs TONY L. ANIRUDH and DIANNE C. ANIRUDH repeat and reallege

12

## AS AND FOR A FIRST CAUSE OF ACTION
### (New York, New Jersey and Nationwide)
### Breach of Contract –

52.  Plaintiffs TONY L. ANIRUDH and DIANNE C. ANIRUDH repeats and realleges the allegations contained in the preceding paragraphs of this complaint and incorporates such paragraphs by reference.

53.  Defendant CitiMortgage, Inc. has charged interest not provided for in its Loan Agreements with Plaintiffs and the class.

54.  Defendant's actions in charging and collecting interest constitutes a breach of Defendant's Loan Agreement.

55.  As a result of Defendant's conduct in billing and/or collecting contractually impermissible interest charges from Plaintiffs and the class members, Plaintiffs and other members of the class have suffered injury and are entitled to recover monetary damages.

## AS FOR A SECOND CAUSE OF ACTION
### New York
### (Violation of N.Y Gen. Bus. Law § 349, New York Consumer Fraud Statute)

56.  Plaintiffs TONY L. ANIRUDH and DIANNE C. ANIRUDH repeats and realleges the allegations contained in the preceding paragraphs of this complaint and incorporates such paragraphs by reference.

57.  The Loan Security Agreements between Defendant and Plaintiffs and the class members described herein is a consumer transaction within the meaning of N.Y. Gen. Bus. Law § 349.

58.  Defendant CitiMortgage, Inc. engaged in materially "deceptive acts and practices" within the definition of N.Y. Gen Bus Law § 349(a) by misrepresenting the amount of interest that Co-op Loan Borrowers would be charged, and by failing to advise the Co-op Loan

13

extra interest has a broad impact on consumers at large because it is representative of the way Defendant does business with all its Co-op Loan Borrowers customers.

60.   Defendant's failure to disclose that the Co-op Loan Borrowers would be charged extra interest was likely to mislead a reasonable consumer in the same situation as Plaintiffs and the class.

61.   As a result of Defendant's unlawful, deceptive, and unfair trade practice, Plaintiffs and the other class members have suffered injury and damages in that they have been forced to pay illegal interest charges beyond those provided for in their Co-op Loan contracts with CitiMortgage, Inc. or forgo their ability to refinance or sell their homes. Pursuant to the New York Consumer Fraud Statute, this court has the power to enjoin the continuation of defendant's illegitimate, deceptive, and unfair trade practices and scheme.  Unless enjoined by this court, CitiMortgage, Inc. will continue imposing illegal interest charges upon Co-op Loan borrowers consumers.

**AS FOR A THIRD CAUSE OF ACTION**
**New Jersey**
**(Violation of the New Jersey Fraud Act, NJSA § 56:8-1, *et seq*.)**

62.   Plaintiffs TONY L. ANIRUDH and DIANNE C. ANIRUDH repeat and reallege the allegations contained in the preceding paragraphs of this complaint and incorporates such paragraphs by reference.

63.   The Loan Security Agreements between Defendant and Plaintiffs and the class members described herein is a transaction within the meaning of the New Jersey Fraud Act, NJSA § 56:8-1, *et seq.et seq*.

64.   The Loan Security Agreements between Defendant and Plaintiffs and the class members described herein expressly indicate that they are Defendant's form agreement for

"NY/NJ."

65. The transactions, practices and conduct of Defendant CitiMortgage as set forth herein constituted an "unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation" and/or "knowing concealment, suppression or omission..." as proscribed by the New Jersey Fraud Act, NJSA § 56:8-1, *et seq.*.

66. Defendant's failure to disclose that the Co-op Loan Borrowers would be charged extra interest was likely to mislead Defendant's New Jersey customers in the same manner as Plaintiffs and the class.

67. As a result of Defendant's unlawful, deceptive, and unfair trade practice, Plaintiffs and the other class members have suffered injury and damages in that they have been forced to pay illegal interest charges beyond those provided for in their Co-op Loan contracts with CitiMortgage, Inc. or forgo their ability to refinance or sell their homes.

68. Pursuant to the New Jersey Fraud Statute, this court has the power to enjoin the continuation of defendant's illegitimate, deceptive, and unfair trade practices and scheme. Unless enjoined by this court, CitiMortgage, Inc. will continue imposing illegal interest charges upon Co-op Loan borrowers consumers.

69. In addition to compensatory damages, Defendant is liable for treble damages, reasonable attorney's fees, filing fees and reasonable costs of suit under NJSA § 56:8-19.

### AS FOR A FOURTH CAUSE OF ACTION
### New York, New Jersey and Nationwide
### (Unjust Enrichment)

70. Because of the wrongful activities described above, including the collection and retention of interest rightfully belonging to Plaintiffs and class members, Defendant has earned illegal profits and unjustly enriched itself at the expense of the Plaintiffs and class members.

71. Because of the wrongful activities described above, including the collection and retention of interest rightfully belonging to Plaintiffs and class members, Defendant has earned illegal profits and unjustly enriched itself at the expense of the Plaintiffs and class members.

72. As a result of Defendant's retention of interest properly belonging to the Plaintiffs and the class members, Defendant must account to the Plaintiffs and class members for such unjust enrichment and disgorge its unlawfully held monies and profits. By reason of the foregoing, Plaintiffs and the class have suffered damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs TONY L. ANIRUDH and DIANNE C. ANIRUDH and the class members pray for judgment:

(1) declaring this action to be maintainable as a class action; and that Plaintiffs and their undersigned counsel be appointed to represent the class

(2) awarding compensatory damages, statutory and/or punitive damages to Plaintiffs and the class members;

(3) enjoining Defendant CitiMortgage, Inc. from continuing to implement its unlawful and illegal practices;

(4) awarding Plaintiffs and the class all costs and disbursements, including attorneys' fees, experts' fees, and other class action- related expenses;

(5)   awarding treble damages and punitive damages where applicable;

(6)   awarding pre-judgment and post-judgment interest to Plaintiffs and the class members on their damages; and

(6)   granting such other and further relief as may be just and proper.

Dated: March 26, 2008

_____
Jeffrey S. Greene (JSG-9941)
LAW OFFICES OF JEFFREY S. GREENE, P.C.
One Barker Avenue, Second Floor
White Plains, New York 10601
Tel: (914) 686-5091

Sanford Young (SFY-7877)
LAW OFFICES OF SANFORD F. YOUNG, P.C.
225 Broadway - Suite 2008
New York, New York 10007
Tel: (212) 227-9755

*Attorneys for Plaintiffs TONY L. ANIRUDH and DIANNE C. ANIRUDH and the class*