UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                                   :
TONY L. ANIRUDH, on behalf of himself and all                      :    **ECF Case**
others similarly situated, and DIANNE C. ANIRUDH,                  :
on behalf of herself and all others similarly situated,            :
                                                                   :
                                  Plaintiffs,  :    No. 08 Civ. 03081 (WCC)
                                                                   :
   v.                                                           :
                                                                   :
CITIMORTGAGE, INC.,                                                :
                                                                   :
                                  Defendant.   :
                                                                   :
-------------------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITIMORTGAGE INC.'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

**MAYER BROWN LLP**
**1675 Broadway**
**New York, New York 10019**
**(212) 506-2500**

*Attorneys for Defendant*
*CitiMortgage, Inc.*

NYDB01 17522776.1 11-Jul-08 16:05

Defendant CitiMortgage, Inc. ("CMI") respectfully submits this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. 12(b)(1), to dismiss this action for lack of subject-matter jurisdiction.

## BACKGROUND

The complaint in this purported consumer class action alleges that CMI has unlawfully charged and retained extra-contractual interest in connection with the payoff of co-op loans in the state of New York and elsewhere throughout the United States. Subject-matter jurisdiction is alleged under the minimal diversity provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Compl. ¶ 19.

## ARGUMENT

This Court lacks subject-matter jurisdiction over this suit because more than two-thirds of the members of the proposed plaintiff class are citizens of the State of New York, and because defendant CMI, a New York corporation, likewise is a citizen of the State of New York. The case therefore comes within the "home controversy" exception to CAFA jurisdiction, and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

In CAFA, Congress expanded federal subject-matter jurisdiction by "providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction." *Mattera v. ClearChannel Comms., Inc.*, 239 F.R.D. 70, 77 (S.D.N.Y. 2006) (citation omitted). The diversity jurisdiction of the district courts now encompasses putative class action suits in which (1) any member of the proposed class is a citizen of a state different from any defendant (*i.e.*, minimal diversity exists); (2) the putative class consists of at least 100 members; and (3) the amount in controversy exceeds $5 million, aggregating all claims and exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). However, CAFA also contains a

number of express exceptions to this general jurisdictional grant. *See* 28 U.S.C. §§ 1332(d)(4), 1332(d)(5). One of these exceptions, the so-called "home controversy exception" set forth in section 1332(d)(4)(B), deprives this Court of jurisdiction over this action.

The "home controversy exception" sets forth that "[a] district court *shall decline to exercise jurisdiction* under paragraph (2) [the general CAFA minimal diversity jurisdictional grant] if * * * two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B) (emphasis added). *See also Hart v. Fedex Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006) ("Under the 'home-state controversy' exception, district courts must decline to exercise jurisdiction where two-thirds or more of the members of the proposed plaintiff class and the primary defendants are citizens of the original filing state.").

This case falls within the "home controversy" exception because more than two-thirds of all proposed plaintiffs are New York citizens and CMI is a New York citizen. Plaintiffs' proposed class consists of "all Co-op Loan Borrowers in the state of New York, New Jersey and Nationwide" who CMI allegedly charged excessive interest "in connection with the payoff of their co-op loan on New York State and New Jersey Co-ops and throughout the United States." Compl. ¶ 44. As the accompanying affidavit of Lawrence W. Baumann (the "Baumann Affidavit") demonstrates, of the number of CMI co-op loan payoffs that occurred nationwide from the beginning of the alleged class period on March 26, 2002 through December 31, 2007 and involved a sale transaction or refinance with another lender, approximately 96.7% were for New York co-ops – a number that well exceeds the statutory two-thirds threshold. *See* Baumann Affidavit, ¶¶ 5-7. The allegation of Compl. ¶ 23 that CMI is a Delaware corporation is untrue; it CMI is a New York corporation. *See* Exhibit A to the Affidavit of Kwaku A. Akowuah. CMI,

the sole defendant named in this action, is therefore a citizen of the State of New York for diversity purposes. *See* 28 U.S.C. § 1332(c)(1). The "home-state controversy" exception to CAFA's jurisdictional grant is therefore applicable in this case, and accordingly denies this Court jurisdiction over this case.

## CONCLUSION

The action should be dismissed for lack of subject-matter jurisdiction.

Dated: New York, New York
       August 20, 2008

>                               Respectfully submitted,
>
>
>                               _____/s/ Michael O. Ware_____
>                                 *mware@mayerbrown.com*
>                               Kwaku A. Akowuah
>                                 *kakowuah@mayerbrown.com*
>                               MAYER BROWN LLP
>                               1675 Broadway
>                               New York, New York 10019
>                               (212) 506-2500
>                               *Attorneys for Defendant CitiMortgage, Inc.*

*Of Counsel*
Lucia Nale
  *lnale@mayerbrown.com*
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, Illinois 60606
(312) 782-0600