```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
                                              08 Civ. 3081 (WCC)
TONY L. ANIRUDH, on behalf of himself   :
and all others similarly situated, and        ECF CASE
DIANNE C. ANIRUDH, on behalf of herself :
and all others similarly situated,
                                        :
                  Plaintiffs,
                                        :
         - against -                          OPINION
                                        :     AND ORDER
CITIMORTGAGE, INC.,
                                        :
                  Defendant.
                                        :
- - - - - - - - - - - - - - - - - - - - X


A P P E A R A N C E S :

                              LAW OFFICES OF JEFFREY S. GREENE, P.C.
                              One Barker Avenue, Second Floor
                              White Plains, New York 10601

JEFFREY S. GREENE, ESQ.
                                        - and -
     Of Counsel


                              LAW OFFICES OF SANFORD F. YOUNG, P.C.
                              225 Broadway, Suite 2008
                              New York, New York 10007

SANFORD F. YOUNG, ESQ.

     Of Counsel          Attorneys for Plaintiffs


                              MAYER BROWN LLP
                              1675 Broadway
                              New York, New York  10019

MICHAEL O. WARE, ESQ.
KWAKU A. AKOWUAH, ESQ.                  - and -

     Of Counsel
```

Copies E-Mailed to Counsel of Record

**A P P E A R A N C E S :   (continued)**

```
LUCIA NALE, ESQ.
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, Illinois 60606
```

   Of Counsel    **Attorneys for Defendant**

**Conner, Sr. D.J.:**

Plaintiffs Tony L. Anirudh and Dianne C. Anirudh, on behalf of themselves and all others similarly situated, (collectively, "plaintiffs") bring this proposed class action against defendant CitiMortgage, Inc., f/k/a Citicorp Mortgage, Inc. and CMINY, Inc.,[1] ("defendant" or "CMI") to recover damages for breach of contract, unjust enrichment, violations of N.Y. GEN. BUS. LAW § 349 and New York Consumer Fraud Statute, and violations of the New Jersey Fraud Act, N.J. STAT. ANN. §§ 56:8-1, *et seq*. Defendant now moves to dismiss the claims against it pursuant to FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction. For the following reasons, the motion is granted.

### BACKGROUND

The following facts are taken from the Complaint and are assumed to be true for purposes of this decision, unless noted otherwise.

In April 2005, plaintiffs, residents of New York, obtained a "co-op loan" from defendant in order to purchase a cooperative apartment ("the apartment") located in Bronx, New York. (Complt. ¶¶ 22, 25, 36, 37.) Pursuant to the terms of this transaction with defendant (the "loan agreement"), defendant lent plaintiffs $85,500.00 in exchange for a security interest in the stock and lease of the

---

[1] Plaintiffs, in their opposition papers, state that their suit was brought against CitiMortgage, Inc. and express confusion as to references to CMINY, Inc. in defendant's moving papers. (Pls. Mem. Opp. Mot. Dismiss at 2.) Defendant, in its reply papers and supporting materials, explained that it was initially named Citicorp Mortgage, Inc., but in April 2000 it changed its name to Citimortgage, Inc. (Def. Reply Mem. Supp. Mot. Dismiss at 3-4.) In April 2005, it merged into CMINY, Inc. after which the newly-merged corporation, CMINY, Inc., immediately changed its name to Citimortgage, Inc. (*Id.* at 4.)

apartment. (*Id*. ¶¶ 31-32.) Defendant retained physical custody of the original stock certificate and lease while the unpaid principal remained outstanding. (*Id*. ¶ 32.) Interest was to be charged on the unpaid principal "until the full amount of the principal [had] been paid" and calculated at an established yearly rate. (*Id*. ¶ 30.) The terms of the loan agreement were set forth in various documents, which were executed by the parties as part of the transaction. (*Id*. ¶¶ 28, 30-31.) None of these documents stated that plaintiffs would be required to pay interest beyond the date of termination of the loan or that plaintiffs would be unable to sell or transfer the apartment unless plaintiffs first paid additional charges. (*Id*. ¶¶ 29, 35.)

In October 2007, plaintiffs entered a contract to sell the apartment to a third party and requested a "payoff letter" from defendant in order to proceed with closing the transaction, as required under plaintiffs' contract of sale.² (*Id*. ¶ 38.) Defendant issued such letter, pursuant to which defendant requested payment for, *inter alia*, one day's worth of interest beyond the closing date. (*Id*. ¶ 40.) Plaintiffs objected to this charge and were advised by defendant's legal counsel that unless the extra day of interest was paid, defendant would not release the physical collateral of the stock and lease nor issue a "UCC-3 release of lien." (*Id*. ¶ 42.) Therefore, plaintiffs, "under extreme undue hardship," paid $11.95 to defendant for the extra day's worth of interest. (*Id*. ¶ 43.)

Plaintiffs now bring this action "to recover damages for themselves and a class of thousands of consumers consisting of all persons who have suffered damages from [defendant]'s fraudulent practice of charging interest on New York State and New Jersey [c]o-op loans, as well as [c]o-op loans throughout the country beyond the termination and pay off closing date of the class' [c]o-op

---

² According to plaintiffs, they had fulfilled their contractual obligations to defendant under the terms of the loan agreement as of the date of sale of the apartment. (Complt. ¶ 4.)

2

loan borrowers." (*Id*. ¶ 17.)   The class period encompasses all co-op loans made by defendant that were paid off in full from March 26, 2002 to the present.  (*Id*. ¶ 3.)

## DISCUSSION

**I.      Legal Standard**

"In deciding a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), a court must accept as true all of the material factual allegations in the complaint." *Brescia v. Sia*, 2008 WL 1944010, at *2 (S.D.N.Y. April 30, 2008) (Conner, J.) (citing *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)).  However, "[t]he plaintiff bears the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." *Bonime v. Avaya, Inc.*, 2006 WL 3751219, at *1 (E.D.N.Y. Dec. 20, 2006), *aff'd*, 547 F.3d 497 (2d Cir. 2008) (citing *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002)).  "Subject matter jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Brescia*, 2008 WL 1944010, at *2 (citing *Drakos*, 140 F.3d at 131) (internal quotation marks omitted).  Rather, "[t]he mover and the pleader may use affidavits and other materials beyond the pleadings themselves in support of, or in opposition to, a challenge to subject matter jurisdiction." *Giovanniello v. N.Y. Law Publ'g Co.*, 2007 WL 2244321, at *2 (S.D.N.Y. Aug. 6, 2007) (internal citations omitted).  District courts must consult this evidence to decide a 12(b)(1) motion to dismiss "if resolution of a proffered factual issue may result in the dismissal of the complaint for want of jurisdiction." *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 141 n.6 (2d Cir. 2001).

## II.   Jurisdiction Under the Class Action Fairness Act

Plaintiffs assert that this Court has federal subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"). (Complt. ¶ 19.)

### A.   Applicable Law

"CAFA was enacted to curtail the abuses existing in class action practice by extending federal jurisdiction over interstate class actions of national importance." *Brook v. UnitedHealth Group, Inc.*, 2007 WL 2827808, at *2 (S.D.N.Y. Sept. 27, 2007). In furtherance of this purpose, the statute relaxes the requirements for federal diversity jurisdiction in certain class actions.[3] *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006). Generally, as set forth in 28 U.S.C. § 1332(d)(2), CAFA confers original federal jurisdiction over "any class action involving (1) 100 or more class members, (2) an aggregate amount in controversy of at least $5,000,000, exclusive of interest and costs, and (3) minimal diversity, *i.e.*, where at least one plaintiff and one defendant are citizens of different states." *Galeno*, 473 F.3d at 56 (citing 28 U.S.C. §§ 1332(d)(2), (5)(b), (6)). A corporation is generally deemed a citizen of any state in which it has been incorporated or where it has its "principal place of business." 28 U.S.C. § 1332(c).

The statute carves out three exceptions to the general rule stated in section 1332(d)(2). *See* 28 U.S.C. § 1332(d)(4). Under the "home state controversy" exception, as set forth in § 1332(d)(4)(B), district courts must decline jurisdiction when "two-thirds or more of the members

---

[3] CAFA does not apply to certain securities actions and actions relating to the internal affairs or governance of a business. Neither does it apply when the primary defendants are states or state officials. 28 U.S.C. §§ 1332(5), (9)(A-C).

4

of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." *See, e.g., Brook*, 2007 WL 2827808, at *3 (referring to § 1332(d)(4)(B) as "home state controversy" exception). This provision is "designed to draw a delicate balance between making a federal forum available to genuinely national litigation and allowing the state courts to retain cases when the controversy is strongly linked to that state." *Brook*, 2007 WL 2827808, at *3 (internal quotation marks and citation omitted). In other words, the provision is "intended to keep purely local matters and issues of particular state concern in the state courts." *Id.* (internal quotation marks and citation omitted).

The Second Circuit has held that the traditional rule that the party asserting federal court jurisdiction bears the burden of establishing that the case is properly in federal court still applies when the party is asserting such jurisdiction under CAFA. *DiTolla v. Doral Dental IPA of N.Y., LLC*, 469 F.3d 271, 275 (2d Cir. 2006). However, while generally when "a defendant asserts a challenge to the district court's subject matter jurisdiction pursuant to a Rule 12(b)(1) motion to dismiss, the plaintiff bears the burden of showing that the district court has jurisdiction," *Baruch v. Schmiegelow*, 175 F. App'x 422, 422 (2d Cir. 2006), when jurisdiction is based on CAFA, "the party seeking to avail itself of an exception to CAFA jurisdiction over a case originally filed in federal court bears the burden of proving the exception applies." *Mattera v. Clear Channel Commc'ns, Inc.*, 2006 WL 3316967, at *10 (S.D.N.Y. Nov. 14, 2006). *See also Edward & Marjorie Austin Unitrust v. U.S. Mortgage Corp.*, 2007 WL 2886036, at *2 (D. Nev. Sept. 27, 2007) (Party challenging court's jurisdiction on a 12(b)(1) motion must prove "that CAFA exceptions to federal jurisdiction divest the district court of subject matter jurisdiction" and bears burden of establishing requirements of those exceptions.). Therefore, in the instant case, while plaintiffs bear the initial

burden of establishing federal subject matter jurisdiction under CAFA, defendant bears the burden of proving that an exception to CAFA applies.

### B. Analysis

Plaintiffs, in pleading jurisdiction in the Complaint, allege: that the number of proposed plaintiffs in the class exceeds 100; that plaintiffs are citizens of New York State; that defendant is a Delaware corporation that maintains its principal place of business in Missouri; and that the amount in controversy exceeds $5,000,000. (Complt. ¶ 19.) Defendant contests these allegations and contends that the home state controversy exception applies here because more than two-thirds of the members of the proposed plaintiff class are citizens of New York and because, contrary to plaintiffs' allegations, defendant is a New York corporation and, therefore, is also a citizen of New York, the state in which this action was filed. (Def. Mem. Supp. Mot. Dismiss at 1-2.) To support these contentions, defendant submits: (1) CMINY, Inc.'s certificate of amendment of its amended and restated certificate of incorporation, filed with the New York Department of State on May 4, 2005 (Akowuah Aff., Ex. A); and (2) an affidavit by Lawrence Baumann, defendant's Operations Support Manager ("Baumann"), stating that he determined, by querying defendant's computerized records, that between March 26, 2002 and December 31, 2007 there were 14,998 CMI co-op loans that were paid off nationwide, of which 96.7% were New York co-op loans (the "Baumann affidavit"). (Baumann Aff. ¶¶ 4-6.)

Plaintiffs oppose defendant's motion on the ground that Baumann's calculations regarding CMI co-op loans, as set forth in his affidavit, are "unsubstantiated numerical claims [that] are flawed and insufficient to sustain [defendant]'s burden of proof on this motion." (Pls. Mem. Opp. Mot.

6

Dismiss at 1-2.) Plaintiffs also oppose defendant's motion on the ground that the certificate submitted by defendant to establish that it is a New York corporation does not refer to "Citimortgage, Inc.," but rather names "CMINY, Inc.," which, plaintiffs contend, is "a separate corporation that is unknown to [them]." (*Id*. at 2.) In its reply papers, defendant explains that "CMI was previously a Delaware corporation, and has since become a New York corporation by virtue of a 2005 merger," as explained above. (Def. Reply Mem. Supp. Mot. Dismiss at 4.)

We find that defendant has met its burden to prove that the home state controversy exception to CAFA applies here and, therefore, we must decline to exercise jurisdiction over the case. Although plaintiffs have sufficiently pled federal subject matter jurisdiction pursuant to CAFA on the face of the Complaint, on a motion to dismiss for lack of subject matter jurisdiction we are not required to accept as true the allegations in the Complaint relating to jurisdiction, but may consider affidavits and other materials beyond the pleadings to determine whether the plaintiff has established jurisdiction, as set forth above. *Giovanniello*, 2007 WL 2244321, at *2. Upon making such a consideration, we conclude that defendant has satisfied the requirements of the home state controversy exception by establishing that at least two-thirds of the members of the proposed class, as well as defendant itself, are citizens of New York, the state in which this action was originally filed.

Regarding defendant's citizenship, the documentary evidence clearly indicates that defendant is incorporated in the state of New York. Thus, defendant is a citizen of New York for purposes of applying CAFA provisions. 28 U.S.C. § 1332(c). Regarding the citizenship of the members of the proposed plaintiff class, we accept the findings as set forth in the Baumann affidavit that "approximately 96.7% of the payoffs" of CMI loans nationwide between March 26, 2002 and

December 31, 2007 were payoffs of New York co-op loans and therefore conclude that nearly 100% of the proposed plaintiff class are citizens of New York. (Baumann Aff. ¶¶ 4, 6.) Plaintiffs' attempt to undermine Baumann's credibility by directing the Court to the second numbered paragraph of his affidavit, wherein he states that he is familiar with defendant's records of "mortgage loans" and can generate information relating to those loans, without specifying "co-op loans" - the type of loan implicated in the instant action - is unpersuasive. (Pls. Mem. Opp. Mot. Dismiss at 5-7.) We note that this paragraph merely provides background information about Baumann's familiarity with defendant's record system, and we find that the generalized reference to mortgage loans in paragraph 2 of the affidavit does not detract from the credibility of the more specific statements in other parts of the duly sworn statement. In paragraphs 4 through 6, in which Baumann describes the search he conducted to reach his ultimate conclusion, he refers specifically to "co-op" loans and not "mortgage" loans, indicating that he searched records limited to the former. (Baumann Aff. ¶¶ 4-6.)[4]

Plaintiffs also argue that we should discredit Baumann's calculations because his affidavit "contains no factual or documentary support for his conclusions," and that, "in view of the publicly available information, [] Baumann's number appears to be faulty, if not contrived." (Pls. Mem. Opp. Mot. Dismiss at 8.) When a court considers evidence beyond the pleadings on a motion to dismiss,

---

[4] Baumann, in response to plaintiffs' claims challenging the accuracy of his initial affidavit, submitted a reply affidavit in which he changed the word "mortgage loans" to the broader term "real estate loans" in a paragraph analogous to paragraph 2 of his first affidavit. (Baumann Reply Aff. ¶ 2.) He also clarified that "[i]n using the term 'mortgage loans' in Paragraph 2 of [his first] [a]ffidavit, [he] did not intend to suggest that CMI's computer records contain only information relating to mortgage loans, or that [he is] familiar only with CMI computer records that related to mortgage loans." (*Id.* ¶ 4.) We are satisfied that Baumann has established the requisite basis of knowledge of defendant's computerized record system to testify accurately as to the approximate number of plaintiffs in the proposed class that reside in New York.

8

"the standard used to evaluate a Rule 12(b)(1) claim is similar to that for summary judgment." *Dajour B. v. City of New York*, 2001 WL 830674, at *2 (S.D.N.Y. July 23, 2001) (internal citation omitted). *See also Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) (Rule 56 summary judgment principles may serve as guidelines for consideration of evidence outside the pleadings on a Rule 12(b)(1) motion.). Under the Federal Rules of Civil Procedure, when a motion for summary judgment is properly supported by affidavits, the opposing party "may not rely merely on allegations or denials in its own pleading; rather, its response must, by affidavits or . . . otherwise . . . set out specific facts showing a genuine issue for trial. If the opposing party does not so respond" the motion should be granted. FED. R. CIV. P. 56(e)(2). Applying this principle in the context of the instant Rule 12(b)(1) motion to dismiss, we conclude that plaintiffs have not countered the Baumann affidavit with any probative evidence to the contrary.

Plaintiffs argue that defendant's "instant jurisdictional claim is at odds with the factual claims [defendant] made when it previously removed a similar action from the State Supreme Court to this Court," directing the Court to *Sawyer v. Citimortgage, Inc.* (Pls. Mem. Opp. Mot. Dismiss at 2.) Plaintiffs' argument is, at best, misplaced and, at worst, disingenuous. In *Sawyer*, the plaintiff initiated a class action in the Supreme Court of the State of New York that was similar to the case at bar, naming Citimortgage, Inc. ("Citimortgage") as defendant (the same defendant as in the instant action) and setting forth factual and legal claims analogous to those made by plaintiffs here.[5]

---

[5] The *Sawyer* plaintiff, in his complaint, explained the nature of the action as follows: "Plaintiff . . . brings this class action on behalf of himself and a class of co-op borrowers to recover unlawful, contractually impermissible interest charges that . . . Citimortgage . . . imposes and collects from borrowers who pay off or refinance their co-op loans." (Greene Decl., Ex. A ¶ 1.) The plaintiff further explained that "[i]n breach of borrowers' co-op [loan agreement], [Citimortgage] assesses Plaintiff and the [c]lass of co-op borrowers one or more days of extra interest." (*Id.* ¶ 2.)

(Greene Decl., Ex. A.)  Citimortgage filed a notice of removal of that action in the United States District Court, the Southern District Court of New York, on the ground that the court has jurisdiction under CAFA.  (*Id.*, unmarked exhibit, Notice of Removal.)  Plaintiffs here seize on this notice of removal as evidence that defendant has "made jurisdictional claims that explicitly contradict the claims they are now making in its instant motion."  (Pls. Mem. Opp. Mot. Dismiss at 9 (emphasis omitted).)  However, plaintiffs overlook that defendant, in that notice of removal, relied solely on the allegations in the *Sawyer* plaintiff's complaint to set forth the jurisdictional requirements under CAFA.  (Greene Decl., unmarked exhibit, Notice of Removal ¶¶ 1-6.)  There is, therefore, no contradiction between defendant's factual claims in the *Sawyer* case and those of the case at bar; the former were based on the plaintiff's allegations, taken from the complaint in that case, while the latter are based upon defendant's knowledge of the facts, as set forth in the Baumann affidavit.  Indeed, in *Sawyer*, after the parties pursued informal discovery as to the applicability of CAFA jurisdictional exceptions, "[t]he results . . . required [them] to stipulate to remand." (Def. Reply Mem. Supp. Mot. Dismiss at 8 n.5.)  According to defendant, "[t]hose same results prompted CMI to challenge [p]laintiffs' allegation that this Court has subject matter jurisdiction over the claims in this case." (*Id.*)  Thus, the *Sawyer* proceeding does not counter defendant's support of its motion to dismiss.  If anything, the *Sawyer* proceeding confirms that this case was not properly brought in federal court.

Plaintiffs also direct the Court to *Binetti v. Washington Mutual Bank*, No. 06 Civ. 1732 (KMK), U.S.D.C., S.D.N.Y., in which the plaintiff brought claims analogous to those asserted in the case at bar, but against a different defendant, Washington Mutual Bank.  (T. Anirudh Aff., Ex. A.) Plaintiffs argue that "the number of affected Washington Mutual [Bank] class members [was]

10

estimated at 45,000," compared to defendant's estimate in the instant case of 14,509 payoffs in a 69-month period. (Pls. Mem. Opp. Mot. Dismiss at 8.) Further, plaintiffs contend that, according to "an FDIC data survey," defendant was "more than four times larger than Washington Mutual [Bank]" in September 2007, which finding leads plaintiffs to conclude that "Baumann's figures are highly dubious." (*Id.*) We are unpersuaded for many reasons. Plaintiffs have provided no information as to whether Washington Mutual Bank's market for co-op loans is similar in size to that of defendant or as to why, for some other reason, it is a relevant benchmark for comparison. Plaintiffs' attenuated argument fails to sufficiently counter the Baumann affidavit.[6] As plaintiffs have not provided the Court with any satisfactory reason to doubt the accuracy of the Baumann affidavit, we accept the findings therein as true.

The action falls within the home state controversy exception to CAFA because defendant is a citizen of New York, the state in which the action has been filed, and because more than two-thirds of the proposed plaintiff class are, likewise, citizens of New York. Therefore, we lack subject matter jurisdiction.

---

[6] We agree with defendant that "it is doubtful that [the document upon which plaintiffs rely for the comparative sizes of the two banks], which purports to list only the 'total assets' of various . . . banking organizations in September 2007, could ever shed any meaningful light on the relative number of co-op loan payments that were made to each of these organizations during the [relevant time period in this litigation]." (Def. Reply Mem. Supp. Mot. Dismiss at 6.) We also agree with defendant that this evidence "actually does not provide *any* information about the size of defendant CMI . . . [but rather] purports to list the total assets of *Citigroup Inc.*, a separate entity that is an indirect corporate parent of CMI." (*Id*. at 7 (emphasis in original).)

11

## CONCLUSION

For all of the foregoing reasons, defendant's motion to dismiss (Doc. #10) is granted. The action is dismissed without prejudice and without costs or attorneys' fees.

SO ORDERED.

Dated: White Plains, New York
      February 11, 2009

*William C. Conner*
Sr. United States District Judge